**Vernon E. BERG III, Appellant,**

v.

**W. Graham CLAYTOR, Jr., Secretary of the Navy, Appellee.**

No. 77–1785.

United States Court of Appeals, District of Columbia Circuit.

Argued May 15, 1978.

Decided Dec. 6, 1978.

E. Carrington Boggan, New York City, for appellant.

Vincent B. Terlep, Jr., Atty., Civ. Div., Dept. of Justice, Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Barbara Allen Babcock, Asst. Atty. Gen., and Ronald R. Glancz, Atty., Civ. Div., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Before WRIGHT, Chief Judge, ROBINSON, Circuit Judge, and DAVIS, Judge, United States Court of Claims.*

Opinion for the Court filed by Judge DAVIS.

DAVIS, Judge.

This is a companion appeal to *Matlovich v. Secretary of the Air Force*, 192 U.S.App. D.C. ——, 591 F.2d 852, also decided this day.[1] Appellant Berg, a graduate of the Naval Academy, was commissioned an ensign in the Navy and assigned to duty on the U.S.S. Little Rock with the Sixth Fleet in the Mediterranean, at Gaeta, Italy. In 1975 an inquiry into his sexual activity was made by the Naval Investigative Service; an enlisted man on the Little Rock accused Ensign Berg of attempting to perform a homosexual act on him in Berg's apartment in Gaeta. At that time Berg admitted to participation in homosexual activity before and during his Navy service, but denied the alleged conduct in Gaeta with the enlisted sailor. An Administrative Discharge Board was ultimately held to consider whether appellant had committed homosexual acts and whether he should be retained in the Navy. After a hearing, the board found that, while in naval service, Berg had committed homosexual acts, including that with the enlisted man at Gaeta; the board also recommended against retention and that he should be separated from the Navy under conditions other than honorable. On review within the Navy, these recommendations were accepted.

Ensign Berg began this action against the Secretary of the Navy shortly before he was scheduled to be discharged. The District Court refused an order temporarily restraining separation and Berg was discharged under conditions other than honorable on June 3, 1976. He then thrice amended his complaint to seek (on various grounds) reinstatement and a declaratory judgment that his separation was invalid. In the course of the proceedings below the Secretary upgraded the discharge to honorable but refused Berg further personal relief.

Both parties moved for summary judgment and Judge Gesell, in a written memorandum opinion and order, granted appellee's motion and denied that of appellant. He first upheld the constitutional validity of the Navy's general policy of discharging homosexuals, then rejected a series of claims that appellant had been denied due process or other procedural protections, and finally concluded that the Navy did not abuse its discretion in refusing to retain Ensign Berg. *Berg v. Claytor*, 436 F.Supp. 76 (1977).

On this appeal, appellant makes the same constitutional challenge to the policy of separating seamen who commit homosexual acts with consenting adults, in private and off-base, as does Sgt. Matlovich in No. 76–2110. Berg also raises a number of other issues going to the fairness or lawfulness of the naval proceedings against him. At this time we reach none of these questions because there is the same defect in this case as we have found in *Matlovich, i. e.,* the

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1976).

1. The two cases were consolidated for argument.

failure of the service to articulate adequately why it determined not to retain this appellant.

Although the Navy regulation on homosexuality (SECNAVINST 1900.9A (July 31, 1972)) does not in terms provide any exception to the general policy of separating homosexuals, the Navy has interpreted it as not mandating separation in all cases. *See Champagne v. Schlesinger,* 506 F.2d 979, 983, 984 (7th Cir. 1974). The board which considered appellant's case was instructed that it had discretion to recommend retention. Judge Gesell recognized that, under the Navy's regulation and policy, discharge was discretionary [2] but felt that he had no basis for overturning the Navy's negative determination. 436 F.Supp. at 79, 83. He said, however, that "it would be helpful for the Navy to clarify the considerations which apparently govern the circumstances under which a homosexual, as a matter of discretion, may be retained." 436 F.Supp. at 83.[3]

As in *Matlovich,* we cannot tell why Berg failed of retention or appraise that exercise of discretion. The Administrative Discharge Board found that his record in the service did not reflect such an outstanding potential as a naval officer as to militate against separation. The District Court observed that, though he "was a fine officer," "there is nothing in his record that marks him as being unusual or especially valuable to the Navy." 436 F.Supp. at 83. But we have nothing to show or indicate that these very general and very imprecise standards

represent Navy policy, or that they have been applied in the past or are being applied currently, or that they sum up the actual considerations which went into the Navy's ultimate decision not to retain Berg. It is proper, therefore, to call upon the service for a fuller articulation and explanation of its policy on retention of homosexuals and the application of those standards to Berg's case.[4]

For these reasons and on grounds comparable to those set forth in the opinion in *Matlovich v. Secretary of the Air Force,* we hold that this case must be remanded to the Secretary of the Navy. The decision granting summary judgment to the Government is vacated and remanded with instructions to remand to the Navy for further proceedings consistent with this opinion and that in *Matlovich.* Appellant can of course seek judicial relief from any adverse determination made on the remand.[5]

*Vacated and remanded.*

---

2. On this appeal, appellee, the Secretary of the Navy, does not contend that, under the Navy regulation and policy, discharge was mandatory for appellant.

3. Judge Gesell then added: "Moreover, the records in recent homosexual cases demonstrate that physicians and psychologists differ widely concerning the causes and varied manifestations of homosexuality. Thus there is also a continuing need for the military establishment to be aware of further investigation in this area. In the final analysis there is, after all, an obligation to accommodate personnel policy to changing scientific knowledge and social standards to the fullest extent so long as conduct which threatens to interfere with defense objectives can be avoided." 436 F.Supp. at 83.

4. Like the regulations applicable to the Air Force proceedings against Matlovich, the directives controlling the Navy's action against Berg are properly read as calling for a reasoned determination. For the Navy directives, *see* Bureau of Naval Personnel Manual, arts. 3410100, 3420250; SECNAVINST 1920.6, especially para. 9.

5. In particular, appellant may raise again the procedural and due process challenges he has levied—on none of which do we now pass.

The instructions in the *Matlovich* opinion with respect to the further proceedings also apply to this case.